# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| GLENDA BARKER-EVANS, ) | |
| ) | No. 8:11-cv-01251-DCN |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| MICHAEL J. ASTRUE, COMMISSIONER ) | |
| OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on United States Magistrate Judge Jacquelyn D. Austin's Report and Recommendation (R&R) that the court reverse and remand the Commissioner's decision denying plaintiff's application for disability insurance benefits (DIB) and supplemental security income (SSI). The Commissioner has filed an objection. For the reasons set forth below, the court adopts the magistrate judge's R&R and remands the case for further administrative proceedings.

## I. BACKGROUND

### A. Procedural History

Plaintiff Glenda Barker-Evans (Barker-Evans) initially filed for DIB and SSI on July 30, 2007, alleging an onset of disability date of April 15, 2007. Tr. 118-27. She claims disability due to asthma and COPD, degenerative disc disease, borderline intellectual functioning, personality disorder, and schizoaffective disorder. Tr. 31-32. The Social Security Administration (SSA) denied Barker-Evans' claims initially and on reconsideration. Tr. 68-71, 72-76, 83-86. On March 11, 2008, Barker-Evans requested a

1

hearing before an administrative law judge (ALJ), and on February 2, 2010, ALJ Arthur L. Conover conducted a de novo hearing on Barker-Evans's claims. Tr. 28-67, 87.

The ALJ issued his decision on February 22, 2010, finding Barker-Evans not disabled under the Social Security Act. Barker-Evans requested Appeals Council review of the ALJ's decision, Tr. 10-11, and submitted additional evidence to the Council. Tr. 4-7. The Appeals Council declined to review the decision, making the ALJ's decision the final, reviewable decision of the Commissioner. Tr. 1-3. Barker-Evans filed this action for judicial review on May 24, 2011.

After reviewing the record and the law, the magistrate judge issued her R&R, recommending that the ALJ's decision be remanded for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g). Specifically, the magistrate judge found the ALJ failed to discuss how he weighed the opinion of examining psychologist Ron O. Thompson, Ph.D. R&R 21. The magistrate judge further found that the ALJ failed to address Dr. Thompson's evaluation of Barker-Evans' ability to maintain employment. Id. Due to these omissions, the magistrate judge was unable to conclude that the ALJ's decision was supported by substantial evidence, and recommended the case be remanded. Id. at 22. The Commissioner objected to the R&R on June 4, 2012. Barker-Evans replied to the Commissioner's objection on June 21, 2012.

**B. Barker-Evans' Medical History**

Barker-Evans was born on July 15, 1972, and was thirty-four years old at the time she filed for DIB and SSI. Tr. 32. She has a seventh-grade education and past relevant work experience as a cashier, cook, waitress, retail cashier, and sandwich maker. Tr. 24, 34.

Barker-Evans was first diagnosed with mental illness at the age of fourteen. Tr. 227. Specifically, she was diagnosed with major depression with psychotic features, socialized non-aggressive conduct disorder, and borderline personality traits, for which she was subsequently treated. Tr. 227-31. On November 9, 2004, Dr. C. Joanne Brownlee of South Carolina Vocational Rehabilitation evaluated Barker-Evans and indicated the need to stabilize her bipolar disorder. Tr. 258-59.

Nurse practitioner Bennie Henderson and other health care professionals at Ware Shoals Center for Family Medicine treated Barker-Evans throughout 2006 and 2007 for various ailments including sleep disorders, depression, anxiety, memory loss, suicidal ideation, and paranoia. Tr. 300-12, 324, 334-37. Medical personnel at the Ware Shoals Center classified Barker-Evans's bipolar disorder and asthma as "stable" in August 2006, Tr. 293-95, and "improved" in July 2007. Tr. 334-37. In December 2007, nurse practitioner Henderson completed a questionnaire for the SSA, noting that Barker-Evans could perform sedentary work from a physical standpoint, but was not "mentally capable." Tr. 495. Henderson also noted that Barker-Evans was "very limited due to lung capacity," would need oxygen, would not be able to deal with changes in a routine work setting, and lacked the necessary mental faculties to deal with an eight-hour work day. Tr. 495-96.

After Barker-Evans applied for DIB and SSI, several medical professionals evaluated her physical and mental conditions. Dr. Dale Van Slooten, an SSA consulting physician, completed a physical residual functional capacity (RFC) assessment on August 21, 2007. Dr. Van Slooten concluded that Barker-Evans retained the RFC to perform the

full range of medium work.[1]  Id.  On February 27, 2008, SSA consulting physician Dr. Carl E. Anderson completed a physical RFC assessment of Barker-Evans.  Tr. 562-69.  Dr. Anderson also concluded that Barker-Evans could perform medium work.  Tr. 563.

Dr. Debra Price, a state agency psychological consultant, reviewed Barker-Evans's medical records in September 2007 and conducted a mental RFC assessment.  Tr. 376-78.  Dr. Price concluded that "[w]hile her symptoms are severe, they would not preclude [Barker-Evans] from carrying out basic work functions."  Tr. 378.  SSA consulting physician Dr. Robbie Ronin completed a psychiatric review technique form and mental RFC assessment of Barker-Evans on February 2, 2008.  Tr. 544-61.  Dr. Ronin noted that Barker-Evans suffered from schizophrenia or substance-induced psychosis; depression, bi-polar affective disorder, or cyclothymia; personality disorder with antisocial and borderline traits; and cannabis abuse.  Tr. 546-52.  Dr. Ronin found that "Claimant's impairments are severe but would not preclude the performance of simple, repetitive, routine tasks; or preclude the ability to interact appropriately with co-workers or supervisors."  Tr. 560.

At the request of the Commissioner, psychologist Ron O. Thompson examined Barker-Evans on September 18, 2007.  Tr. 454-56.  Dr. Thompson estimated that Barker-Evans' level of intellectual functioning to fall in the high borderline to low-average range.  Tr. 455.  Dr. Thompson diagnosed Barker-Evans with dysthymic disorder, early onset; cyclothymic disorder; and personality disorder with antisocial and borderline features.  Tr. 456.  Dr. Thompson opined that if Barker-Evans "were to find employment, she would consciously or unconsciously find a way to get involved in problems with

---

[1] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  20 C.F.R. § 404.1567(c).

authority or coworkers that would create difficulty to the point where she would no longer be employed by them." Id. Dr. Thompson evaluated Barker-Evans again on January 21, 2008. Tr. 541-43. After this second examination, Dr. Thompson noted,

> If [Barker-Evans] were to find employment, it would appear she would consciously or unconsciously overreact and become caustic with her employer or co-workers or possibly the public[,] creating terminal problems vocationally for her. . . . It appears that [the] most significant impediment[s] for vocational functioning are related to personality disorder and mostly to her general medical condition, but this is a medical opinion and I will defer to a qualified physician for that opinion.

Tr. 543.

## II. STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). This court is not required to review the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of

the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id.

### III. DISCUSSION

The Commissioner objects to the magistrate judge's R&R, arguing the ALJ properly evaluated Dr. Thompson's opinion. Def.'s Obj. to R&R 1. The Commissioner further argues that Dr. Thompson's opinion was not inconsistent with the findings of other consulting psychologists and the ALJ's decision. Id. at 2. These arguments are unavailing. The ALJ did not sufficiently discuss how he considered Dr. Thompson's opinion. As a result, the court cannot say that the ALJ's decision is supported by substantial evidence.

SSA regulations require that all medical opinions in a case be considered. 20 C.F.R. § 404.1527(b). Medical opinions are evaluated pursuant to the following non-exclusive list:

> (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.

Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005). Generally, the ALJ must "give more weight to the opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]." 20 C.F.R. § 404.1527(c)(1) (2012).

The ALJ is also obligated to explain his findings and conclusions on all material issues of fact, law, or discretion presented. 5 U.S.C. § 557(c)(3)(A) (2012). "Strict adherence to this statutorily-imposed obligation is critical to the appellate review process," and courts have remanded cases where the reasoning for the ALJ's conclusion

6

"is lacking and therefore presents inadequate information to accommodate a thorough review." See v. Wash. Metro. Area Transit Auth., 36 F.3d 375, 384 (4th Cir. 1994) (internal citation omitted). While an ALJ need not set forth his findings in a particular format, see Stephens v. Heckler, 766 F.2d 284, 287-88 (7th Cir. 1985), a reviewing court cannot determine if findings are supported by substantial evidence unless the ALJ explicitly indicates the weight given to all of the relevant evidence. Gordon v. Schweiker, 725 F.2d 231, 235-36 (4th Cir. 1984). "Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record." Arnold v. Sec'y of Health, Ed. & Welfare, 567 F.2d 258, 259 (4th Cir. 1977).

In this case, the ALJ discussed only the second of Dr. Thompson's two consultative examinations. The ALJ summarized some of Dr. Thompson's findings and noted that "Dr. Thompson opined that the claimant's most significant impediment for vocational functioning are [sic] related to a personality disorder and her general medical condition." Tr. 22. The ALJ's discussion omits much of Dr. Thompson's analysis, including his statements that Barker-Evans would be unable to maintain a job because "she would consciously or unconsciously find a way to get involved in problems with authority or coworkers." Tr. 456; see also Tr. 543. The ALJ neither assigned weight to Dr. Thompson's opinion nor explained how he considered Dr. Thompson's opinion. The ALJ's decision simply does not provide enough detail for the court to conduct a thorough review. With his incomplete discussion of Dr. Thompson's opinion, the ALJ has failed to meet his statutory duty of explanation. As a result, the court cannot

determine whether substantial evidence supports the ALJ's determination that Barker-Evans is not disabled.

The court agrees with the magistrate judge that the ALJ did not sufficiently explain how he weighed Dr. Thompson's opinion. The court also agrees with the magistrate judge that the ALJ did not clearly indicate how he weighed the opinions of Drs. Debra Price and Robbie Ronin. On remand, the ALJ should properly discuss these medical opinions as well.

Because the ALJ's analysis of Dr. Thompson's opinion is a sufficient basis for remand, the court need not address Barker-Evans' other allegations of error. However, as stated by the magistrate judge, the ALJ should consider those allegations of error when reviewing the case on remand. Additionally, because the court is remanding the case for a proper analysis of the medical opinions, the ALJ is directed to consider the new evidence that was presented to the Appeals Council.

## IV.   CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's R&R, **REVERSES** the Commissioner's decision, and **REMANDS** under sentence four of 42 U.S.C. § 405(g) for further proceedings.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**September 27, 2012**
**Charleston, South Carolina**