**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| GLENDA BARKER-EVANS, | ) | |
| | ) | No. 8:11-cv-01251-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      This matter is before the court on plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA).  Plaintiff requests $6,570.00 in attorney's fees[1] on the ground that she is a prevailing party under the EAJA.  Defendant contests the awarding of such fees, asserting the government's position was substantially justified.

      The Administrative Law Judge (ALJ) issued a decision on February 22, 2010 denying plaintiff's application for disability benefits and supplemental security income.  The Appeals Council denied review, rendering the ALJ's decision that of the Commissioner of Social Security.  Plaintiff filed a complaint before this court on May 24, 2011, seeking review of the Commissioner's decision.

---

[1] Plaintiff originally sought $6,570.00 in attorney's fees based on 20.75 hours of attorney time at a rate of $180.00 per hour, as well as 31.5 hours of paralegal time at a rate of $90.00 per hour.  Pl.'s Mem. Supp. Mot. Atty's Fees 11-12.  After defendant opposed the motion for fees, Barker-Evans amended her EAJA petition to reflect the additional 1 hour spent by her attorney and 1.5 hours spent by her attorney's paralegal on preparing a reply brief, for an additional $315.00 in requested fees.  Pl.'s Reply 5.  The arguments set forth in plaintiff's reply brief do not differ substantially from those made in the opening petition.  Moreover, "Replies to responses are discouraged."  Local Rule 7.07, DSC.  The court finds plaintiff's amended request is unreasonable and instead considers whether she is entitled to the fee amount set forth in the original petition.

1

The matter was referred to the magistrate judge, who found in a Report & Recommendation (R&R) that the Commissioner's decision should be reversed and remanded for further proceedings. The government filed objections to the R&R. On September 27, 2012, this court issued an order affirming the R&R, reversing the Commissioner's decision, and remanding for further proceedings.

Under the EAJA, a court shall award reasonable fees and expenses to a prevailing party in certain civil actions against the United States unless the government's position was substantially justified or special circumstances render an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because this court remanded to the ALJ pursuant to 42 U.S.C. § 405(g), Barker-Evans is considered the "prevailing party." See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). The government has the burden of proving that its position was substantially justified. Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991). Evaluating whether the government's position was substantially justified is not an "issue-by-issue analysis" but an examination of the "totality of circumstances." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993); see also Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation.").

"The government's position must be substantially justified in both fact and law." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted).

Here, the magistrate judge determined that in considering the opinion of Dr. Thompson, an examining physician, the ALJ completely "failed to include any discussion of how he weighed Dr. Thompson's opinion." R&R 21. The magistrate judge was "left to guess as to the weight the ALJ assigned to Dr. Thompson's opinion." Id. at 22. Upon review, this court agreed with the magistrate judge, holding that the "ALJ did not sufficiently discuss how he considered Dr. Thompson's opinion" and did not "assign[] weight to Dr. Thompson's opinion." Order 6-7. On remand, the court instructed the ALJ to explicitly weigh Dr. Thompson's opinion as well as the opinions of other doctors. Id. at 8; R&R 22.

"The government's non-acquiescence in the law of the circuit entitles the claimant to recover attorney's fees." Crawford, 935 F.2d at 658. The Fourth Circuit clearly requires the ALJ to evaluate medical opinions under the factors set forth at 20 C.F.R. § 404.1527. See Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005). The government's position may still be substantially justified when an ALJ simply fails to fully explain his rationale. See Hurrell v. Barnhart, 444 F. Supp. 2d 574, 577 (D.S.C. 2006). However, in this case, the ALJ's failure transcends one of inadequate explanation, because the ALJ was required to not only evaluate but also assign a specific weight to Dr. Thompson's opinion. See, e.g., Stockonis v. Comm'r of Soc. Sec'y, No 10-459, 2012 WL 527368, at *11 (E.D. Va. Jan. 11, 2012) (citing Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984)) (noting that ALJs "must assign specific weight to opinions from medical sources and articulate their reasons for the weight assigned"); see also Maffia v. Comm'r of Soc. Sec'y, 404 F. App'x 352, 354 (11th Cir. 2010) ("[T]he ALJ must state

with particularity the weight given different medical opinions and the reasons for doing so.").[2]

The court finds that the government has not met its burden of showing that its position was substantially justified. Adams v. Barnhart, 445 F. Supp. 2d 593, 595 (D.S.C. 2006) ("Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, the government's position was not substantially justified."). The court does not find any special circumstances that would render an award of attorney's fees unjust.

Therefore, the court **GRANTS** plaintiff's motion and awards fees in the amount of $6,570.00.[3]

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 24, 2013**
**Charleston, South Carolina**

---

[2] In its objections to the R&R, defendant argued as follows: "The Magistrate Judge also found that the ALJ erred by not specifying what weight he was giving Dr. Thompson's opinion. The point is moot. Given that Dr. Thompson's opinion was consistent with the ALJ's assessment, the weight accorded his opinion is irrelevant." Def.'s Obj. 3 n.2. This argument exemplifies the unreasonableness of the government's position because the ALJ was required to accord weight to Dr. Thompson's opinion.

[3] The award is based on a total of 20.75 hours of attorney time at a rate of $180.00 per hour, as well as 31.5 hours of paralegal time at a rate of $90.00 per hour. Defendant does not object to the calculation of the fee. The EAJA requires attorney's fees to be awarded directly to the litigant rather than her attorney. See Astrue v. Ratliff, 130 S. Ct. 2521, 2527 (2010); Stephens v. Astrue, 565 F.3d 131, 139 (4th Cir. 2009). Therefore, the court grants attorney's fees to plaintiff in the amount of $6,570.00.